# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Thomas Chen, Crystal Window & Door System, Ltd, and Huai'an Crystal Real Property Development Ltd. Co., <br><br> Plaintiffs, <br><br> v. <br><br> Guo Liang Lu, <br><br> Defendants | CASE NO.: <br><br><br><br> Judge: <br><br><br><br><br><br> COMPLAINT WITH JURY DEMAND |

Plaintiff, Thomas Chen, Crystal Window & Door Systems, Ltd, and Crystal Real Property Development Ltd Co., by and through their attorneys, KING L. WU & ASSOCIATES, P.C., hereby files a complaint against Defendant as captioned above.

## JURISDICTION

1. This Court has jurisdiction over this case pursuant to 28 U.S.C. §1332(a)(3) as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

## PARTIES

2. Plaintiff Thomas Chen was and is a resident of the State of New York, County of Queens. He is the Founder, the Chairman of the Board, and the President of Crystal Window.

3. Plaintiff Crystal Window & Door System, Ltd (hereinafter "Crystal Window") was and is a corporation organized under the laws of the State of New York and doing business in Queens County.

4. Plaintiff Huai'an Crystal Real Property Development Ltd. Co., (hereinafter "Huai'an Crystal") was and is a foreign business entity organized under the law of People's Republic of China and maintains a satellite office in the State of New York.

5. Defendant Guo Liang Lu is a citizen of People's Republic of China and is residing in China.

## INTRODUCTION

6. Plaintiffs bring this action as a result of Defendant's fraudulent business practices. Defendant first induced Plaintiffs to invest on real estate development project in China through willful misrepresentation. Defendant then executed a fraudulent scheme to induce Plaintiffs for his goal of unjustly enrichment at the expenses of Plaintiffs. Defendant made misrepresentation to induce Plaintiffs to sponsor him and his family for petitions of permanent resident in the United States. Defendant induced Plaintiffs to set up a new company as the vehicle to convert funds of Crystal Window and Mr. Chen to Defendant's personal gain. Defendant then used the new company's developing projects as the vehicles to engage in self-dealing and receive kickbacks.

## FACTUAL ALLEGATIONS

7. Crystal window held 100% interests of Crystal Global LLC (hereinafter "Crystal Global") from 2002 to 2010. Thereafter, all interest of Crystal Global were transferred to Thomas Chen. Thomas Chen is the sole member of Crystal Global.

8. In or about October 2006, through an acquaintance, Defendant was introduced to Thomas Chen.

9. Defendant willfully made misrepresentation to Mr. Chen that the business of real estate development in Huai'an City, China is lucrative (about 300% capital return). Defendant further told Mr. Chen the capital investment for the real estate project there was relatively moderate since he was able to find contractors who were willing to accept deferred payment and he had connection with local banks which could secure financing. Defendant told the Plaintiffs that the cost of the start-up investment for the first project would be about $1,500,000. Defendant made such misrepresentation to the Plaintiffs for the purpose of luring Mr. Chen and Crystal Global to establish a new company and pump capital to it.

10. In reliance to Defendant's misrepresentation, Crystal Global entered into an agreement (hereinafter "Investment Agreement") with Jin Jian Tai Industrial Ltd (hereinafter "Jin Jian Tai"), a Chinese corporation which is believed to be controlled by Defendant on or about October 30, 2007. According to the Investment Agreement, Crystal Global and Jin Jian Tai agreed to invest capital to found a new company in China at the amount of $2,550,000 and $450,000 respectively. This new company is named Huai'an Crystal Real Property Development Ltd. Co. According to the Investment Agreement, Crystal Global would hold 85% interest of this new company, and Jin Jian Tai would hold the remaining 15% interests of it.

11. Huai'an Crystal was founded to do business of real estate development and management. Defendant was appointed as one of the Board Directors and Vice President of Huai'an Crystal. Defendant was also responsible to the daily management and operation of the company. Defendant's responsibility to Huai'an Crystal also included negotiating and

executing contracts and making pertinent business arrangements with other companies or contractors.

12. After Huai'an Crystal was founded, it became a Defendant's tool to defraud Thomas Chen, Crystal Window, and Crystal Global.

13. In or about November 2007, Huai'an Crystal's began to commence its first real estate development project, China Lobster Town. China Lobster Town is a theme park locates in Xu Yu County, Huai'an City, Jiangsu Province, China. It will occupy 100,000 square meters.

14. Huai'an Crystal entered into a series of major contracts with various parties in order to implement the project of China Lobster Town. The Investment Agreement dictates all major contracts should be approved first by the board of directors. On the other hand, it is customary of Huai'an Crystal to go through open bidding process for all the important contracts.

15. Defendant made Huai'an Crystal enter into a contract with Jin Jian Tai on or about February 19, 2008. This contract was made without informing the Board of Huai'an Crystal. An open bidding was not conducted either. The contract was made with the stamps of Huai'an Crystal and Jin Jian Tai. The said contract is named "China Lobster Town Project's Full Planning and Implementation Agreement" (hereinafter "Planning Agreement").

16. Planning Agreement indicates "Huai'an Crystal agrees to pay 4,000,000 RMB (about $563,380 using February 2008 CNY/USD exchange rate) to Jin Jian Tai as Market Planning, Advertising and Design service fees. Payment will be paid in three installments after this Agreement is made."

17. Defendant instructed Huai'an Crystal to send a lump sum amount of 3,409,763 RMB (about $473,578 according to CNY/USD exchange rate at that time) by wire to Jin Jian Tai.  For the whole time, Jin, Jian Tai, did not perform any services stated in the Planning Agreement at all.

18. After an open bidding process, Defendant signed another contract on behalf of Huai'an Crystal with Shanghai Wen Bo Tang Planning and Marketing Ltd (hereinafter "Wen Bo Tang") on or about April 7, 2008.  This contract is named "China Lobster Town Project's Full Marketing and Agency Agreement" (hereinafter "Marketing Agreement").

19. Both Marketing Agreement and Planning Agreement Defendant signed respectively with Wen Bo Tang and Jin Jian Tai are very similar but for the amount of commission.  The commission is 4,000,000 RMB in Planning Agreement.  In Marketing Agreement, both parties agreed for an initial commission of 200,000 RMB and another 200,000 RMB if certain conditions are met.  Wen Bo Tang fulfilled its contractual obligation.  Since the obligation of Wen Bo Tang and Jin Jian Tai are identical according to the Marketing Agreement and Planning Agreement, once Wen Bo Tang fulfilled its own obligation, there is nothing else for Jin Jian Tai to perform to do.

20. Huai'an Crystal needed to select a company as its general contractor for its first-phase project of the China Lobster Town.  In or about November 6, 2008, Huai'an Crystal selected Nantong Third Construction Group Co. Ltd. (hereinafter "Nantong Construction") as its general contractor.  Huai'an Crystal and Nantong Construction executed a contract on or about November 6, 2008 named "Construction Contract". Since Defendant held a pivotal position for Nantong Construction to secure this award, Defendant demanded Nantong Construction to pay him kickback at the amount of

300,000 RMB (about $41,667 using 2008 CNY/USD exchange rate). Nantong Construction is believed to pay that kickback as demanded by Defendant in cash on December 1, 2008. Because of the kickback, Huai'an Crystal had to pay more for the Construction Contact. Defendant profited at the expense of Huai'an Crystal.

21. Defendant received another kickback from a Chinese company named Bo Ya at the amount of 300,000 RMB (about $43,988 using September 2009 CNY/USD exchange rate) on or about September 25, 2009.

22. Defendant obtained about 300,000 RMB (about $43,988 using 2009 CNY/USD exchange rate) from Huai'an Crystal as reimbursement for business expenses during his employment. However, the money was solely used for Defendant's personal purpose.

23. In around 2008, Defendant requested the president of Crystal Window, Thomas Chen to appoint him as the Vice President of the Crystal Window. The reason Defendant used was such appointment would better serve the China Lobster Town project, which was mainly targeted at the American house buyers.

24. In order for Defendant to serve as a Vice President of Crystal Window, Crystal Window needed to sponsor Defendant for his green card petition because Defendant was not a U.S. citizen.

25. In order to assist Defendant to obtain his permanent resident status, Crystal Window filed a petition to USCIS on or about December 17, 2009 to employ Defendant as the Vice President, International Sales in the United States on permanent basis. As a result, Defendant and his family obtained permanent resident status on or about May 12, 2010.

26. Defendant did not intend to serve Crystal Window as he claimed. He merely used the excuse of serving the company as a disguise for his ultimate goal, which was obtaining

permanent resident status for his family and himself.  Crystal Window solely relied on Defendant's misrepresentation to sponsor him to obtain the permanent resident status.

27. Plaintiffs Thomas Chen and Crystal Global have invested more than $10,000,000 into Huai'an Crystal so far for the China Lobster Town project.  Due to Defendant's wrongdoings and mismanagement to the investment funds, the progress of the project was significantly delayed.  The sales of units could not meet the sales target as well.  As a result, Plaintiffs were not able to recoup their investment.

## FIRST CAUSE OF ACTION
## FRAUD OR CONSTRUCTIVE FRAUD

28. Plaintiff repeat and reiterate paragraphs 1 to 27 as though set out fully herein.

29. Defendant made willful misrepresentations to Plaintiffs Thomas Chen and Crystal Window.

30. Defendant concealed material facts from Thomas Chen and Huai'an Crystal.

31. Defendant willfully made misrepresentation to Plaintiff Thomas Chen that he would receive 300% capital return in order to lure Thomas Chen to make the investment to Huai'an Crystal.

32. Defendant willfully made misrepresentation to Plaintiff Thomas Chen that he would find construction contractors that would accept deferred payment.

33. Defendant willfully made misrepresentation to Plaintiff Thomas Chen that his local connection enabled him to find local banks to secure financing.

34. Defendant willfully made misrepresentation to Plaintiff Thomas Chen that the total cost of the investment capital would be $1,500,000.

35. Defendant willfully made misrepresentation about the profitability of the real estate development in Huai'an City in order to entice Plaintiff Thomas Chen and Huai'an to make investment on the China Lobster Town project.

36. Defendant deliberately concealed the information of Planning Agreement from the Board of Huai'an Crystal.  Defendant is an officer and board director of Huai'an Crystal; he owes fiduciary duty to Huai'an Crystal to inform the Board about the potential contracts.  Defendant should not make any contracts without the approval of the Board.

37. Defendant deliberately concealed his intent to obtain permanent resident status for his family and himself.  He misrepresented the purpose of obtaining permanent resident status as for the interest of Plaintiffs.

38. Defendant knew the representation he made to Plaintiffs were false.  Defendant deliberately concealed material information to Plaintiffs.

39. In reliance to the misrepresentation of Defendant, Plaintiffs made crucial decision of investing real estate development project in Huai'an City.

40. Due to Defendant's deliberate concealment of material information from Plaintiffs, Plaintiffs were not able to make informed decisions.

41. Plaintiffs suffered losses at the amount of about $1,000,000 due to the fraudulent conduct of Defendant.

42. Defendant is believed to exercise complete domination and control over Jin Jian Tai.

43. Defendant is believed to comingle assets of Jin Jian Tai and used its funds for his personal purpose.  Defendant failed to adhere to corporate formality of Jin Jian Tai.

44. Due to Defendant's abuse of privilege of doing business in corporation form, Plaintiffs are entitled to pierce corporate veil of Jin, Jian Tai.  Defendant is personally liable to the damages occurred by Jin Jian Tai.

## SECOND CAUSE OF ACTION
## UNJUST ENRICHMENT

45. Plaintiffs repeat and reiterate paragraphs 1 to 44 as though set out fully herein.

46. By reason of the forgoing Defendant unjustly enriched by executing the Planning Agreement and wiring $473,578 to Jin Jian Tai on behalf of Huai'an Crystal since Jin Jian Tai did not provide any services described in the Planning Agreement and Jin Jian Tai is believed to be controlled by Defendant.

47. By reason of the foregoing, Defendant unjustly enriched by obtaining immigration benefit at the expenses of Plaintiffs.  Defendant and his family obtained permanent resident status through the sponsorship of Crystal Window.  Crystal Window had spent $4,920 legal fees for Defendant's immigration applications and other pertinent proceedings.

48. By reason of the foregoing, Defendants have been unjustly enriched.

49. Plaintiffs are entitled to the return of all amounts Defendants have been unjustly enriched.

## DEMAND FOR JURY TRIAL

50. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury in this action of all issues so triable.

WHEREFORE, Plaintiffs demand relief as follows:

For the First Cause of Action:

1. A monetary judgement against Defendant at the amount to be around $1,000,000 for the damage inflicted to Plaintiffs by his fraud scheme, and the exact amount should be determined at trial;

2. A monetary judgement against Defendant at the amount of $473,578 for the gain Jin Jian Tai received from Huai'an Crystal according to the Planning Agreement;

3. A monetary judgment against Defendant at the amount of $4,920 for the restitution Plaintiffs paid for the legal fees in regard to Defendant and his family's immigration petitions.

For All Causes of Actions:

4. For the cost and disbursements of this action; and

5. For such other and further relief as the Court deems just

Dated: Flushing, New York
October 30, 2019

/s/_____
KING LUN WU, ESQ. (kw0220)
KING L. WU & ASSOCIATES, P.C
Attorneys for Plaintiffs
38-08 Union St., Suite 10F
Flushing, NY 11354
T: 718-888-0618
F: 718-888-0283
E: contact@wuesq.com