LIU & SHIELDS LLP
41-60 Main Street, Suite 208A
Flushing, New York 11355
Tel: 718-463-1868
Fax: 718-463-2883
shieldscj524@gmail.com

September 16, 2020

*By ECF*

Hon. Kiyo A. Matsumoto, U.S. District Judge
United States District Court, E.D.N.Y.
Room S905
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  *Chen, Crystal Window & Door System, Ltd, and Huai'an Crystal Real Property Development Ltd. Co. v. Lu*,

          Case Number 1:19-cv-06242-KAM

          Defendant's request for a pre-motion conference on his anticipated motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction; under Rule 12(b)(2) for lack of personal jurisdiction; under Rule 12(b)(5) for insufficiency of service; and under Rule 12(b)(6) for failure to state a cause of action upon which relief can be granted

Your Honor:

    We represent the defendant, Guo Liang Lu, and write pursuant to Rule IV(B) of the Court's Chambers Practices to request a pre-motion conference on defendant's anticipated motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, Rule 12(b)(2) for lack of personal jurisdiction, Rule 12(b)(5) for insufficiency of service, and Rule 12(b)(6) for failure to state a claim upon which relief can be granted..

### *There is no diversity jurisdiction*

    Plaintiffs' complaint invokes the diversity jurisdiction of the Court (complaint, para. 1). Complete diversity is required but not present because there are citizens of a foreign state on both sides of the case.

    The diversity statute, 28 U.S.C. § 1332, sets forth the instances of diversity that fall within a court's diversity jurisdiction, and does not include citizens of foreign states on both sides of a case (alien v. alien). *Hodgson v. Bowerbank*, 9 U.S. (5 Cranch) 303 (1809) (alien v. alien). "[P]ermanent resident aliens 'would no longer be deemed to be U.S. citizens for purposes of diversity jurisdiction, thereby avoiding

the possibly anomalous results' with respect to the 1988 language. . . . Accordingly, because federal courts do not have diversity jurisdiction over lawsuits between two foreign parties, we conclude that section 1332(a)(2) does not give the district court jurisdiction over a suit by a permanent resident against a non-resident alien. Under section 1332, both Tagger and Strauss are considered aliens and therefore are not diverse."  *Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 127 (2d Cir. 2020). Even if the defendant were a permanent resident alien domiciled in New York, the statute precludes diversity between citizens of New York and a permanent resident alien domiciled in New York. Plaintiffs invoke section 1332(a)(3) (civil cover sheet) which does not apply because the action is not between citizens of different states.

It has long been settled that diversity jurisdiction requires complete diversity:  "The rule of complete diversity has continuously been part of federal jurisdiction doctrine for nearly two centuries, ever since the Supreme Court's 1806 decision in Strawbridge v. Curtiss." Siegel, *What Statutory Drafting Errors Teach Us About Statutory Interpretation*, 69 Geo. Wash. L. Rev. 309, 355-56 (2001).  *See Strawbridge v. Curtiss*, 7 U.S. 267 (3 Cranch 267) (1806); *Franceskin v. Credit Suisse*, 214 F.3d 253, 258 (2d Cir. 2000); *Corporacion Venezolana de Fomento v. Vintero Sales Corp.*, 629 F.2d 786 (2d Cir. 1980) (diversity was destroyed because plaintiff and defendant were aliens).

### *No summons was requested, issued, or served and therefore the Court never acquired personal jurisdiction over the defendant*

The docket shows that no summons was requested; no summons was issued; and therefore no summons was served. If the affidavit of service, which has not been filed, states otherwise, it is false.

Without service of a summons, the Court has not acquired personal jurisdiction over the defendant.  Rule 4(c) requires the summons and complaint to be served together.  "A district court must not only have subject matter jurisdiction over the litigation before it, but also personal jurisdiction over the defendants." *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 569-70 (3d Cir. 1996). *See also Macaluso v. New York State Dep't of Environmental Conservation*, 115 F.R.D. 16, 18 (E.D.N.Y. 1986) ("This Court, however, does not view service of an unsigned, unsealed summons not issued by the court clerk as a mere technical defect. Instead, it amounts to a complete disregard of the requirements of process set forth clearly and concisely in Rule 4. Accordingly, the Court declines to exercise its discretion to grant leave to amend process").

### *Service was insufficient*

Service of the summons and complaint is required by Rule 4(c).  As noted, no summons was served.  Also, service was attempted at an address which is not the defendant's place of abode or place of business.

*Failure to state a claim upon which relief can be granted*

Prior actions filed by the same plaintiffs against the same defendant alleging the same causes of action are admissions that plaintiffs knew the facts constituting the causes of action at a time that bars the causes of action under applicable limitations periods.

*Proposed briefing schedule*

Defendant proposes that defendant's opening brief be served 14 days after the Court approves making the motion; plaintiffs' opposition brief to be served 14 days after service of defendant's opening brief; and defendant's reply brief to be served 7 days after service of plaintiffs' opposition brief; all briefs to be filed by the respective parties on the same day defendant's reply brief is served.

Respectively submitted,

*s/ Carolyn Shields*

Carolyn Shields
Attorney for the Defendant

cc by ECF to:

King Lun Wu, Esq.
Attorney for Plaintiffs